## 10024. SANDERS v. ALEXANDER.

The judge of the superior court erred in overruling the certiorari on the ground that it did not appear that a demand for trial by jury had been legally made in the municipal court of Atlanta.

> DECIDED APRIL 16, 1919.

Certiorari; from Fulton superior court—Judge Pendleton. June 24, 1918.

*Morris Macks, Virgil Jones, Samuel A. Massell,* for plaintiff in error. *Moore & Pomeroy, J. C. Savage,* contra.

JENKINS, J. Judgment was rendered by a judge of the municipal court of Atlanta against the defendant in a suit on a promissory note. The suit was entered on the calendar of cases in which no demand for a jury trial had been entered, and, upon being reached in its order on that calendar, was disposed of by the judge in the absense of the defendant and his counsel. The defendant alleged in a petition for certiorari that he had at the proper time legally entered his written demand for a jury; but the judge of the superior court overruled the certiorari, on the ground that it did not appear that a demand for a trial by jury had been legally made. The judge of the municipal court in his answer to the certiorari made the following statement: "The rules of the municipal court of Atlanta require either party to the case desiring a jury trial to demand same on a form for demanding a trial by jury, supplied by the clerk; and the form supplied by the clerk and in force under the rule of court at the time this defendant filed his answer and appearance, on March 6, 1918, was upon a pink card or sheet of paper, one of the blanks or cards being hereto attached and marked Exhibit A. This card is required; otherwise the clerk of the court and the judge trying the case is liable to overlook the demand if made on some other blank than the one furnished; and the card so furnished is conspicious on account of its color, and is used for this reason, in order that no demand for jury trial may be overlooked. The card used by attorney for defendant, now petitioner in certiorari, is what is known in the municipal court as the appearance card, and is used simply for this purpose, and is not intended by the court to be used other than as an appearance card." He attaches as a part of his answer an identical copy of the "appearance card" referred to by him and used by the attorney for the defendant in entering the demand. This form appears on its face to have been prepared and printed for the double purpose of entering an appearance by attorney and demanding a trial by jury. While badly filled out, it appears from this exhibit that a trial by jury was in this manner and under the terms of this printed form actually demanded. It also ap-

pears from the judge's answer that such demand must have been received and accepted by the clerk, since an entry of such demand was actually entered and dated on the court's docket.

Assuming that the rule of court referred to by the trial judge in his answer, to the effect that either party to the case desiring a jury trial is required to "demand same on a form for demanding a trial by jury, supplied by the clerk," could, under the authority of the act creating the court, be held to be reasonable and binding, still, since in the record there is nothing going to show that the clerk had formally and legally prescribed an exclusive form for such a demand, different from the one actually contained in the printed form furnished to the defendant in this case, and since such a demand appears to have been actually contained therein and to have been received and accepted by the clerk and noted by him upon the court's docket, it is our opinion that the judge of the superior court erred in overruling the certiorari on the ground that no legal demand for jury trial had been entered.

*Judgment reversed. Wade, C. J., and Luke, J., concur.*